NO. 07-12-00081-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
JANUARY 23, 2013
--------------------------------------------------------------------------------

 
 LORI LAFAYE LITTLE, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;
 
 NO. 11-05-7344; HONORABLE PAT PHELAN, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
 Appellant Lori LaFaye Little appeals from her conviction of possession of a controlled substance following her open plea of guilty and the resulting sentence of imprisonment for a term of twenty-four months in a State Jail Facility. Through one issue, appellant argues the police inquiry following her traffic stop was not reasonably related in scope to the purpose of the stop. We will affirm.

 
 Background
 Appellant filed a motion seeking suppression of all evidence, statements, and testimony concerning the traffic stop that preceded discovery of the controlled substance and the officer's search of appellant. The court held a hearing on the motion.
 Evidence showed appellant was stopped in April 2011 by a Texas deputy sheriff for a faulty brake light and an "unreadable" dealer tag. After stopping appellant, establishing her identity and telling her of the reasons for the stop, the deputy then inquired into other matters, including appellant's medical issues and medication in her bag. He eventually asked if he could look in the bag and if "there was anything in there [he] need[ed] to know about." Their conversation finally led to discovery of the controlled substance. 
 On appeal, appellant contends the trial court erred in denying her motion to suppress because the deputy had no reason to prolong the traffic stop to inquire into her health, appearance, weight loss or prescription regime. See Kothe v. State, 152 S.W.2d 54, 63 (Tex.Crim.App. 2004) (detention can last no longer than necessary to effect the purpose of the stop). The State responds appellant failed to raise this issue with the trial court. We agree.
 To preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the court aware of the complaint. Tex. R. App. P. 33.1(a)(1)(A); Martinez v. State, 91 S.W.3d 331, 336 (Tex.Crim.App.2002) (the complaining party must have brought to the trial court's attention the very complaint the party makes on appeal). 
 The hearing on appellant's suppression motion was limited to the issue of the reasonableness of the traffic stop. Appellant's counsel limited her questioning of the deputy to his observations prior to the stop. She did tell the court she was "not waiving any of those possible challenges to the remainder of the stop or any evidence found therein from the stop" and told the court if "something comes up in trial, we want to be able to reurge that matter." Despite these reservations, appellant never raised with the trial court the issue she now asserts on appeal, that the deputy's inquiry following the stop exceeded its reasonable scope. That issue has not been preserved for our review. Tex. R. App. P. 33.1(a)(1)(A); Martinez, 91 S.W.3d at 336.
 The State also points to the plea documents appellant signed, which contain a provision waiving all motions, pleadings and objections made before the entry of her guilty plea. Because we agree with the State's contention regarding preservation, we need not address its waiver argument.
 We resolve appellant's sole issue against her and affirm the judgment of the trial court.

James T. Campbell
 Justice

Do not publish.